**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. SEVERINO, III, | : |
| Plaintiff, | : Civil Action No. 14-103 (MAS) (TJB) |
| v. | : **MEMORANDUM ORDER ON** |
| | : **APPLICATION TO PROCEED** |
| BOROUGH OF SOUTH RIVER, et al., | : **WITHOUT PREPAYMENT OF FEES** |
| Defendants. | : |

This matter comes before the Court on the application of Plaintiff William F. Severino, III ("Plaintiff") to proceed without prepayment of fees under 28 U.S.C. § 1915. (Application, ECF No. 5.) Plaintiff brings suit under 42 U.S.C. § 1983, for violation of his First, Sixth, Eighth, and Fourteenth Amendment rights, and under N.J.S.A. 10:6-2, for violations of the New Jersey Constitution,[1] as well as state law claims for fraud and false imprisonment, against the Borough of South River; South River Municipal Court; and Cassandra Garrick, the court administrator for the South River Municipal Court ("Defendants"). The Court will grant the application on the strength of Plaintiff's allegation of indigence but dismiss the claims brought against the South River Municipal Court because the Court lacks subject jurisdiction to hear them, *see Seminole Tribe of Fl. v. Florida*, 517 U.S. 44, 54 (1996) (holding that the Eleventh Amendment precludes federal jurisdiction over suits against a nonconsenting state).

---

[1] Plaintiff's complaint refers to violations of "art. 1 par 1 and 10 of the New Jersey Constitution under State law, specifically N.J.S.A. 10:1 to 6." (Compl. ¶ 1, ECF No. 1.) The Court construes this reference as a citation to N.J.S.A. 10:6-2, or the New Jersey Civil Rights Act ("NJCRA"), which is analyzed under the same standard as § 1983." *See Hottenstein v. City of Sea Isle City*, 977 F. Supp. 2d 353, 365 (D.N.J. 2013). Accordingly, the Court will treat both sets of claims, under § 1983 and the NJCRA, identically.

Plaintiff's claims, as brought against the South River Municipal Court, must fail. "As part of the judicial branch of the State of New Jersey, a New Jersey Municipal Court is entitled to sovereign immunity" and is not a "person[]" for the purposes of § 1983. *Hernandez v. Switzer*, No. 09-5429, 2009 WL 4730182, at *3 (D.N.J. Dec. 4, 2009); *Callahan v. City of Phila.*, 207 F.3d 668, 672 (3d Cir. 2000); *see also Krieger v. Jersey City*, 27 N.J. 535, 539 (1958) (The establishment of municipal courts by the New Jersey legislature "was designed to replace a haphazard set of local courts with a more effective system as part of a statewide judiciary.") Accordingly, the Court is without jurisdiction to hear the claims brought against the South River Municipal Court, and they are dismissed.

The remainder of Plaintiff's claims survive the Court's pre-docketing screening (without prejudice to Defendants' right to move for dismissal).

Accordingly,

IT IS, on this 10th day of August 2015, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* is hereby granted pursuant to 28 U.S.C. § 1915;

2. The Clerk of the Court shall file the Complaint without prepayment of fees or security; and

3. All claims brought against the South River Municipal Court are dismissed with prejudice.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE