**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. SEVERINO, III,<br><br>Plaintiff,<br><br>v.<br><br>BOROUGH OF SOUTH RIVER, et al.,<br><br>Defendants. | Civil Action No. 14-103 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendants Borough of South River and Cassandra Garrick's ("Defendants") motion to dismiss Plaintiff William F. Severino, III's ("Plaintiff") Complaint pursuant to New Jersey's Entire Controversy Doctrine. (ECF Nos. 10, 11, 12.) Plaintiff filed opposition (ECF No. 16), and Defendants replied (ECF No. 15). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

Defendants assert that all of Plaintiff's claims are barred by New Jersey's Entire Controversy Doctrine. "A federal court hearing a federal cause of action is bound by New Jersey's Entire Controversy Doctrine, an aspect of the substantive law of New Jersey. . . ." *Rycoline Prods. Inc. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997). The New Jersey Supreme Court has described the doctrine's purpose as threefold: (1) the need for "complete and final disposition of cases through avoidance of piecemeal decisions; (2) fairness to parties to an action and to others with a material interest in it; and (3) efficiency and avoidance of waste and delay." *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 137 (3d Cir. 1999) (citing *DiTrolio v. Antiles*, 142 N.J.

253, 267 (1995)). The doctrine "compels the parties, when possible, to bring all claims relevant to the underlying controversy in one legal action. When the court finds that a claim not joined under the original action falls within the scope of the doctrine, that claim is barred." *Coleman v. Chase Home Fin., LLC*, 446 F. App'x 469, 471 (3d Cir. 2011) (citing N.J. Ct. R. 4:30A). "New Jersey courts have held that the primary consideration in determining if successive claims are part of the same controversy is whether the claims 'arise from related facts or from the same transaction or series of transactions.'" *Id.* at 471-72 (quoting *DiTrolio*, 142 N.J. at 267).

On December 10, 2012, Plaintiff filed a complaint in the Superior Court of New Jersey, Middlesex County, against the Borough of South River, Cassandra Garrick, and the South River Municipal Court seeking relief for: violation of his constitutional rights to due process, equal protection, and speedy trial; being denied access to the courts; and abuse of process. (Certification of John R. Parker ("Parker Cert."), Ex. A[1] ("State Court Compl.") ¶¶ 1-2, ECF No. 10-5.) Specifically, in the state-court complaint, Plaintiff alleges that in May 2012 he was pulled over and given a ticket in the Borough of Sayreville by a Borough of South River police officer. (State Court Compl. ¶ 10.) After he pled not guilty to the ticket, Plaintiff alleges that he was arrested on June 23, 2012, and subsequently incarcerated by the Borough of Sayreville. (*Id.* ¶¶ 11-14.) While incarcerated, Plaintiff alleges that Cassandra Garrick, as the Court administrator for South River Municipal Court, issued a warrant for his arrest for contempt of court related to his May 2012 ticket. (*Id.* ¶ 16.) The remaining factual allegations in Plaintiff's state-court complaint relate to Plaintiff's alleged requests for discovery and a trial date for the May 2012 ticket and the

---

[1] Defendants request that this Court take judicial notice of the state-court complaint and orders. Plaintiff does not object. Therefore, this Court will take judicial notice of the state-court documents that Defendants attached to their motion. *See* Fed. R. Evid. 201; *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

corresponding responses by Defendants. (*Id.* ¶¶ 17-24.) Based on these alleged actions of Cassandra Garrick and the Borough of South River, Plaintiff sought compensatory and injunctive relief. On June 21, 2013, the state-court complaint was dismissed with prejudice, and on December 9, 2013, Plaintiff's appeal was dismissed for lack of prosecution. (Parker Cert., Exs. B-C, ECF No. 10-5.)

On December 20, 2013[2], Plaintiff filed the Complaint sub judice against Defendants under 42 U.S.C. §1983, and state laws, alleging that Defendants violated his constitutional rights to due process, equal protection, and speedy trial; being denied access to the courts and discovery; abuse of process; and retaliatory actions. (*See generally* Compl., ECF No. 1.) Specifically, Plaintiff alleges that on May 4, 2012, he was pulled over by a Borough of South River police officer and issued a ticket, to which he pled not guilty. (Compl. ¶¶ 11-12.) Additionally, Plaintiff alleges that he was arrested by the Borough of Sayreville on June 23, 2012. (*Id.* ¶ 15.) In his Complaint, Plaintiff sets forth his interactions with the Borough of South River and Cassandra Garrick regarding his not guilty plea and requests for discovery related to his May 2012 ticket. (*Id.* ¶¶ 13-14, 17-26.)

Severino argues that the Entire Controversy Doctrine does not apply because his Complaint "only deals with events that occurred after the dismissal of the prior lawsuit and up to the filing of this one." (Pl.'s Opp'n Br. 1, ECF No. 16.) The only dates alleged in Plaintiff's Complaint after the dismissal of the state-court complaint are in July and August 2013, while the state court case was on appeal. (Compl. ¶¶ 27-30.) Specifically, Plaintiff alleges that in July 2013 Cassandra Garrick responded to Plaintiff's correspondence addressing issues from the lawsuit and that on

---

[2] The Complaint was received by the Clerk of Court on December 20, 2013, but was not filed on the docket with Plaintiff's in forma pauperis application until January 7, 2014. (ECF No. 1.)

August 8, 2013, Plaintiff turned himself in on the illegal warrant issued by Cassandra Garrick. (*Id.* ¶¶ 27-28.) Additionally, Plaintiff alleges that he sent correspondence to "the warden" on August 25, 2013, "to address the fact of weather [sic] plaintiff was illegally released by the County Jail." (Compl. ¶ 30.)

After reviewing the two complaints, the Court disagrees with Plaintiff. The current action stems from the May 2012 ticket by the Borough of South River police officers and Plaintiff's subsequent communications with Cassandra Garrick in pleading guilty and attempting to obtain discovery and set a trial date. Plaintiff's inclusion of a few dates in his Complaint related to his continued interactions with Defendants during his appeal of the state-court action does not shield him from the Entire Controversy Doctrine. Instead, New Jersey's Entire Controversy Doctrine clearly applies to this matter because the two actions arise from the same sequence of events, stemming from the May 2012 ticket.

Accordingly, Defendants' motion to dismiss is granted. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: May 4, 2016

4